IN THE MATTER OF: MICHAEL HARPER, AGE 14

No. 713DC698

(Filed 29 December 1971)

1. Infants § 10— juvenile delinquency hearing — admission of confession

Juvenile's confession was properly admitted in a juvenile delinquency hearing absent an appropriate objection, and the confession sustains the findings of delinquency by the presiding judge.

2. Infants § 10— commitment of juvenile delinquent

Juvenile delinquent should be committed to the care of the "Board" of Juvenile Correction, not the "Department" of Juvenile Correction.

APPEAL by Michael Harper from *Wheeler, District Court Judge,* 2 July 1971 Session of District Court held in PITT County.

It was alleged in a petition that Michael Harper is a delinquent child as defined in G.S. 7A-278(2) by reason of his breaking or entering each of six premises and by reason of each of seven offenses of larceny.

The petition to invoke the jurisdiction of the court was filed by Lt. Dilda of the Farmville Police Department on 28 June 1971. On 28 June 1971 counsel was appointed to represent the alleged delinquent child, and a hearing was conducted on 2 July 1971.

An extensive evidentiary hearing was conducted to determine whether the juvenile had been properly advised of his constitutional rights. Upon this *voir dire* both the State and the juvenile offered evidence. At the conclusion of the *voir dire,* the presiding judge found "that the juvenile has been properly advised of his Constitutional rights." No objection or exception was made to this finding.

Other than the *voir dire* testimony, the only evidence offered at the hearing on the petition was the signed confession of the juvenile. The confession reads as follows:

"STATE'S EXHIBIT No. 1

On June 2, 1971 I did admit to Breaking and Entering into Joe Blount's Store on April 12, 1971 and steal merchandise and I further admit that I broke into the following places and steal an undetermine amount of merchandise within these places:

| Broke Into: | |
|---|---|
| | Shack on Apr. 12, 1971 |
| Machine in Walker Bldg | on May 17, 1971 |
| Harris Place | on May 23, 1971 |
| Ruby Whites | on May 28, 1971 |
| Nat Norris | on May 30, 1971 |
| James Ridley Barber Shop | on May 30, 1971 |

Signed: Michael Harper
Date: June 2, 1971
Witness: Police Officer—J. C. Bryant, Jr."

The presiding judge found that Michael Harper was a delinquent child in each of thirteen findings and that he committed a criminal offense (six offenses of breaking or entering and seven offenses of larceny). Based thereon, the judge ordered that Michael Harper be placed with the N. C. Department of Juvenile Correction for an indefinite period of time.

Michael Harper appealed.

*Attorney General Morgan, by Associate Attorney Haskell, for the State.*

*Everett & Cheatham, by James T. Cheatham, for the juvenile-appellant.*

BROCK, Judge.

[1] The lengthy inquiry and finding by the presiding judge that Michael Harper had been properly advised of his constitutional rights does not seem to have accomplished any purpose. Generally, the inquiry is whether after having been advised of his constitutional rights an accused freely, understandingly,

and voluntarily made a statement or gave a confession. However, in this case there was no objection to the introduction of the confession into evidence. Absent an appropriate objection, the confession was properly admitted, and the confession sustains the findings of delinquency by the presiding judge.

[2] We note that the presiding judge ordered the *juvenile to be placed with* the N. C. *Department* of Juvenile Correction. Although the wording of the order is not fatal, trial judges would be well advised to follow the wording of the statute. In instances such as this, the correct order would be to *commit the child to the care of* the North Carolina *Board* of Juvenile Correction. G.S. 7A-286.

In our opinion Michael Harper had a fair hearing, free from prejudicial error.

No error.

Judges BRITT and VAUGHN concur.